IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | | |
|---|---|---|
| DIVERSIFIED MAINTENANCE, SYSTEMS, INC. | ) | |
| Plaintiff, | ) | No. 06-706C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO REMAND

The United States respectfully requests this Court, pursuant to 28 U.S.C. § 1491(a)(2), to remand this matter to the United States Small Business Administration ("SBA") for the purpose of determining whether the apparent best value bidder, Cadence Contract Services, LLC ("Cadence"), is eligible for an award as a Historically Underutilized Business Zone ("HUBZone") Small Business Concern ("SBC"). In support of this motion, the United States relies upon plaintiff's complaint, the administrative record, and the following brief.

FACTUAL BACKGROUND

This is a post award bid protest in which plaintiff, Diversified Maintenance Systems, Inc. ("Diversified") challenges a Department of the Army ("Army") procurement. Plaintiff's Complaint ("Compl."). In Solicitation No. W91151-05-R-0003 the Army sought repair, renovation, construction and/or maintenance services of real property facilities and structures on the Fort Hood Military Reservation, Fort Hood, Texas. Administrative Record ("AR") 494, 581. On February 1, 2006, the solicitation was issued and it stated that "[a]ny award resulting from this solicitation will be made to a HUBZone small business concern." AR 492, 534. Among the seven offerors that submitted bids, Diversified and Cadence were the only two offerors with a

quality and past performance rating suitable for consideration. AR 483, 998, 1001. Included with Cadence's proposal was a letter, dated August 8, 2002, from the SBA indicating that Cadence's application for certification as a "qualified HUBZone small business concern (SBC)" had been approved. AR 648. Cadence also stated in its proposal that it was a "certified HUBZone contractor." AR 669. Cadence listed its principal office address in the proposal as 30139 State Route 3, Black River, NY 13612. AR 650, 1123.

On September 20, 2006, Cadence was sent a notification that it was awarded the contract. AR 1019. On September 22, 2006, Diversified requested a debriefing of the proposal it submitted. AR 1110. On September 25, 2006, the Army sent Diversified notification of its unsuccessful offer. AR 1020. On the same day, Diversified sent a bid protest to the contracting officer protesting the award of the contract to Cadence. AR 1115. Specifically, Diversified stated that Cadence was not a HUBZone small business because its principal office was located in Utah, outside a HUBZone designated area. Id.[1] Therefore, Diversified claimed that Cadence was ineligible to be awarded the contract. Id.

In response to Diversified's September 22, 2006 request, the Army sent Diversified a debriefing letter, dated October 2, 2006, outlining the significant weaknesses and deficiencies in Diversified's proposal and the rationale for the award. AR 1107-1109. In a letter, dated October 4, 2006, the Army also responded to Diversified's bid protest by indicating that the SBA website confirmed Cadence's eligibility as a HUBZone small business. AR 1123. The SBA website lists Cadence's main office at 30139 State Route 3, Black River, NY and indicates it is HUBZone

---

1 Diversified also challenged the award on the grounds "it would violate the evaluation procedures set forth in clause 52.000-4044 Basis of Award and Evaluation Criteria (JOC) and the communications from the contracting agency related thereto." AR 1115.

certified. AR 1125. Cadence's profile on the website was updated December 8, 2005 and October 18, 2006. AR 1125, 1129. Cadence has begun performing on the contract. See AR 1016, 1019.

## ARGUMENT

### A. Standard of Review

This Court evaluates bid protest actions under the standards of the Administrative Procedure Act. 5 U.S.C. § 706. Thus, an agency's procurement decisions will not be disturbed unless shown to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Information Technology & Applications Corporation v. United States, 316 F.3d 1312, 1319 (Fed. Cir. 2003). In reviewing agency action under this narrow, deferential standard, "the focal point for judicial review should be the administrative record already in existence, not some record made initially by the reviewing court." Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985); accord, e.g., Simons v. United States, 25 Cl. Ct. 685, 694 (1992), aff'd, 17 F.3d 1444 (Fed. Cir. 1994) (table).

The Court has "the power to remand appropriate matters to any administrative or executive body or official," including the SBA, "with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2); Y.S.K. Const. Co., Inc. v. United States, 30 Fed. Cl. 449, 459 (1994).

### B. The Court Should Remand This Matter To The SBA

The Court should remand this matter to the SBA to determine Cadence's eligibility as a HUBZone SBC. See Mark Dunning Indus., Inc. v. United States, 58 Fed. Cl. 216 (2003), further proceedings, 60 Fed. Cl. 687 (2004) and 64 Fed. Cl. 374 (2005). In Mark Dunning Indus., Inc.,

the plaintiff argued that it submitted a timely protest regarding the contract awardee's HUBZone status to the contracting officer, but the contracting officer did not forward it to the SBA. Mark Dunning Indus., Inc., 58 Fed. Cl. at 217. Specifically, the plaintiff alleged that SBA's certification of the awardee was based upon the awardee's false representation that its principal place of business was located in a HUBZone location. Id. The Court remanded the matter to the SBA and ordered the SBA to determine whether the contract awardee was eligible for HUBZone status and consider all information the plaintiff had submitted that, in SBA's judgment, was relevant. Id. at 220. The Court concluded that SBA is the best interpreter of its own regulations but must offer a reasonable interpretation of them. Id. at 225 (citations omitted). Subsequently, the Court remanded the matter to the SBA a second time because the SBA, during the first remand, failed to make the specific determination of whether at the time of bid opening the awardee met the principal office location requirement. Mark Dunning Indus., Inc., 60 Fed. Cl. at 693. The Court was unable to render judgment for either party without the SBA determination. Id.

Because the facts of this case are exactly the same as those in Mark Dunning Indus., Inc., the Court will be unable to render a decision in this matter unless the SBA is afforded an opportunity to fully investigate Cadence's HUBZone status at the time of bid opening and contract award.

In addressing judicial review of agency action under the arbitrary and capricious standard, the United States Supreme Court has instructed that "[i]f the record before the agency . . . has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation and explanation." Florida Power & Light

Co., 470 U.S. at 744; I.N.S. v. Orlando Ventura, 537 U.S. 12, 123 (2002). Diversified argues that Cadence is not a HUBZone small business because, according to Diversified, its principal office is located at "1204 W South Jordan PKWY #D South Jordan, Utah 84095," which is outside a HUBZone designated area. Compl. ¶ 4; AR 1115. In essence, Diversified contends that SBA's certification of Cadence was based upon Cadence's false representation that its principal place of business was located at 30139 State Route 3, Black River, NY 13612, which is in HUBZone designated area. Id. In other words, Diversified contends that SBA has not considered all relevant factors in its certification of Cadence as an eligible HUBZone SBC. Therefore, remand is appropriate here.

Remand is consistent with the standard for deciding a motion for judgment upon the administrative record pursuant to Rule 56.1[2] of the Rules of the United States Court of Federal Claims ("RCFC") in bid protest cases. In Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005), the Court held that courts must "distinguish . . . [a] judgment upon the administrative record from a summary judgment requiring the absence of a genuine issue of material fact." The Bannum Court observed that while RCFC 56.1(a) incorporates the provisions of RCFC 56(a) and (b), it does not incorporate any of the other paragraphs of RCFC 56, including (c) and (d). Id. at 1356-57. As the Federal Circuit noted, the latter omission is significant, as RCFC 56(c) and (d) are concerned with a fundamental question associated with a motion for summary judgment: that is, whether there exist genuine issues of material fact that preclude a grant of summary judgment and that inferences be weighed in favor of the non-

2 As amended June 20, 2006, RCFC 56.1 was repealed and replaced by RCFC 52.1.

moving party. Id. at 1356. The Federal Circuit held that the latter principles are inapplicable to a motion for judgment upon the administrative record under RCFC 56.1, now RCFC 52.1. Id. Thus, pursuant to Bannum, the existence of a disputed factual issue regarding Cadence's status neither precludes the granting of a motion for judgment nor requires this Court to conduct a full evidentiary proceeding. Instead, such fact questions must be resolved by reference to the administrative record, "as if [this court] were conducting a trial on [that] record." Id. at 1357. Given the limited scope of review under Bannum, the record should be as complete as possible to facilitate an appropriate decision.

In 1958, Congress enacted the Small Business Act to "aid, counsel, assist, and protect insofar as is possible, the interests of small-business concerns." 15 U.S.C. § 631(a). The SBA is charged with carrying out the policies of the Small Business Act, 15 U.S.C. § 633(a), and that Act vests the SBA with the authority to make such rules and regulations as it deems necessary to carry out the purposes of the Act. 15 U.S.C. § 634(b)(6). SBA's implementing regulations are codified at 13 C.F.R. § Part 101 et seq. In 1997 Congress enacted the HUBZone Act, Pub. L. No. 105-135 § 601 et seq. (codified in the Small Business Act at 15 U.S.C. § 657a). The HUBZone Act created the HUBZone program to provide "Federal contracting assistance to qualified HUBZone small business concerns." 15 U.S.C. § 657a. A HUBZone is a "Historically Underutilized Business Zone," and refers to any area located in a qualified census tract, a qualified non-metropolitan county, land within the external boundaries of an Indian Reservation, or redesignated areas. 15 U.S.C. § 632(p)(1). Accordingly, in order to participate in the HUBzone Program, in addition to other requirements, a small business concern must have its principal office located in a HUBZone and at least 35 percent of its employees must reside in a

HUBZone. 15 U.S.C. § 632(p)(5)(A); 13 C.F.R. § 126.200.

The Act provides that a small business concern is qualified if it certifies to the SBA, or the SBA "otherwise determines, based on information submitted to the Administrator by the small business concern, or based on certification procedures, which shall be established by the Administration by regulation" that it meets the requirements for certification. 15 U.S.C. § 632(p)(5)(A). SBA's HUBzone Program certification regulations provide that a concern must apply to SBA for certification as a qualified HUBZone SBC, and that SBA in "its sole discretion, may rely solely upon the information submitted to establish eligibility, may request additional information, or may verify the information before making a determination." 13 C.F.R. 126.300. The SBA regulations define "employee" as "a person (or persons) employed by a HUBZone SBC on a full-time (or full-time equivalent), permanent basis. Full-time equivalent includes employees who work 30 hours per week or more." 13 C.F.R. § 126.103. The "totality of the circumstances, including factors relevant for tax purposes, will determine whether persons are employees of a concern." Id. The regulations further define "principal office" as "the location where the greatest number of the concern's employees at any one location perform their work." Id.

The statute also provides that SBA shall establish procedures relating to any challenge to the eligibility of a HUBZone SBC to receive assistance under section 632(p)(5), including a challenge to the veracity of such certifications or information provided, and verification by the SBA of the accuracy of any certification made or information provided to the agency under section 632(p)(5). 15 U.S.C. § 657a(c)(1)(A) and (B). These procedures provide for program examinations. Id. at 657a(c)(2). SBA's HUBZone program examination regulations are set forth

at 13 C.F.R. § 126.400 et seq. A program examination "is an investigation by SBA officials, which verifies the accuracy of any certification made or information provided as part of the HUBzone application process or in connection with a HUBZone contract." 13 C.F.R. § 126.401(a). Such examinations are conducted by SBA field staff or others designated by the Associate Administrator for the HUBZone Program, and may be conducted at any time after submission of an application, during the processing of an application, or at any time during which the concern is certified. 13 C.F.R. §§ 126.400 and 126.402.

SBA's HUBZone protest regulations, which are set forth at 13 C.F.R. § 126.800 et seq, are triggered when there is a proposed award of a Government contract and the awardee's eligibility to participate in the HUBZone Program is implicated. An interested party must submit a written protest to the contracting officer, stating all specific grounds for the protest, within 5 business days after notification by the contracting officer of the apparent successful offeror. 13 C.F.R. § 126.801. After such a document has been received, "[t]he contracting officer must forward [it] to the SBA . . ., notwithstanding whether he or she believes it is sufficiently specific or timely." 13 C.F.R. § 126.801(e). The concern whose eligibility is being challenged has 5 days from SBA's notification to it that a protest has been filed to submit information in response to the protest. 13 C.F.R. § 126.803(a)(2). SBA will determine a timely filed protest within 15 business days after receipt of the protest. 13 C.F.R. § 126.803(b). If SBA does not contact the contracting officer within 15 business days of receipt of the protest, the contracting officer may award the contract. 13 C.F.R. § 126.803(b)(2). The protest determination is effective immediately and final unless overturned on appeal by the Associate Deputy Administrator for Government Contracting and 8(a) Business Development ("ADA"). 13 C.F.R. § 126.803(d). An appeal of

the protest determination must be filed within 5 business days after receipt of the determination. 13 C.F.R. § 126.805(b). A protest determination will only be re-examined if "there was a clear and significant error in the processing of the protest or if the AA failed completely to consider a significant fact contained within the information supplied by the protestor or the protested HUBZone SBC." Id. at § 126.805(e). An appeal decision will be issued within 5 business days of receipt of the appeal and will be based only on information in the protest record as supplemented by the appeal. Id. at § 126.805(h). The appeal decision is the final agency decision. Id.

On September 25, 2006, Diversified submitted a bid protest to the contracting officer challenging Cadence's status a HUBZone certified. AR 1115. Pursuant to 13 C.F.R. § 126.801(e), the contracting officer should have forwarded the protest to the SBA, regardless of whether she believed it was sufficiently specific or timely. It was not the contracting officer's responsibility to check the SBA website to confirm Cadence's eligibility. The agency failed to forward the protest. Therefore, SBA has not had any opportunity to make a determination as to the veracity of Diversified's protest. In making that determination, SBA considers the allegations made by Diversified in the protest; the contracting officer's referral letter which should accompany Diversified's protest; and Cadence's response to Diversified's claims. 13 C.F.R. § 126.801(e), 126.803(a). Any interested party can appeal SBA's protest determination. 13 C.F.R. § 126.805(a). No factors are apparent here that would make this a "rare circumstance" in which remand is inappropriate. See Florida Power & Light, 470 U.S. at 743-44. Indeed, the SBA has specific regulatory authority to make an factual inquiry into Cadence's HUBZone's status, by conducting a program examination pursuant to 13 C.F.R. § 126.400-403.

In light of the above, the Government proposes that the Court remand the matter to the SBA for a period not to exceed 45 days, if the SBA decides to conduct an on-site program review, or 30 days, if the SBA conducts a record review, for the SBA to consider and to address all factual contentions raised by Diversified.

## CONCLUSION

For the reason set forth above, the Court should  remand the matter to the SBA for a period not to exceed 45 days, if the SBA decides to conduct an on-site program review, or 30 days, if the SBA conducts a record review, for the SBA to consider and to address the allegations and factual contentions raised by Diversified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

/s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 353-4175
fax: (202) 307-0972

October 30, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2006 a copy of the foregoing "DEFENDANT'S MOTION TO REMAND" was filed electronically. I understand that the notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth Thomas