Electronically filed on 11/2/2006

THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| DIVERSIFIED MAINTENANCE SYSTEMS, INC., | |
| Plaintiff, | Civil No. 06-706- C |
| v. | Judge Lettow |
| THE UNITED STATES, | |
| Defendant. | |

**CADENCE'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO REMAND**

Intervenor Cadence Contract Services, LLC. (Cadence), through its attorney, Patrick Hendrickson, files this Memorandum in Support of Defendant's Motion to Remand. Cadence supports the remand of the issue of HUBZone determination to the Small Business Administration (SBA) based on the procedure identified and followed by this Court in *Mark Dunning Industries, Inc. v. United States*, 64 Fed. Cl. 374 (2005), which is a recent case that is solidly on point with the facts and issues presently before this Court.

In this case that is presently before this Court, plaintiff has protested the award of the contract to Cadence based on the argument that Cadence's designated principal office, which resides in a HUBZone, should not be the "principal office" for HUBZone certification purposes, but that another one of Cadence's offices, which resides outside of a HUBZone, should be considered Cadence's principal office for HUBZone certification purposes. This is precisely the same protest issue that the plaintiff brought before this Court in the *Dunning* case.

Electronically filed on 11/2/2006

Further, with regard to the procedural issue of whether to remand this protest issue to SBA for determination under its regulations, the *Dunning* decision likewise examined the same issue that is currently before this Court: Whether to remand the protest issue to the SBA for determination. In the *Dunning* case, the plaintiff submitted a timely SBA HUBZone status protest to the contracting officer, who never forwarded the protest to SBA, but rather attempted to determine through her own means whether the awardee was HUBZone certified. This is exactly what happened in this case that is presently before this Court.

As a result of the *Dunning* plaintiff's complaint and motion, this Court held that the contracting officer's failure to forward that plaintiff's protest was a violation of the HUBZone regulations (*Mark Dunning Indus. v. United States*, 58 Fed. Cl. 216, 224 (2003)) and remanded the matter to SBA for SBA's determination of whether it would have upheld the plaintiff's protest had it been timely received. *Id*. at 225. At the Court's direction, SBA reviewed plaintiff's protest and affirmed its dismissal of plaintiff's protest.

This Court has the ability to remand with appropriate instructions, such as those instructions that it gave to SBA on the second remand in the *Dunning* case. After consideration of a motion for summary judgment on the administrative record in the *Dunning* case, this Court remanded the matter to SBA to provide evidence of the awardee's HUBZone eligibility "at the time of bid opening." *Mark Dunning Industries v. United States*, 60 Fed. Cl. 687, 693 (2004). Accordingly, if this Court has similar questions regarding the timing of eligibility, this Court can certainly address those concerns in the terms of its remand to SBA.

Although Cadence is confident that it is a properly certified HUBZone company and that SBA will affirm dismissal of plaintiff's protest, Cadence understands the necessity of remanding

the protest issue to SBA. Cadence therefore supports the Defendant's Motion to Remand as the appropriate procedural method for (1) deferring to the administrative agency which has been designated to determine findings of HUBZone status protests, (2) complying with SBA's HUBZone status determination regulations, and (2) following this Court's precedent set in the *Dunning* case.

RESPECTFULLY SUBMITTED THIS 2nd DAY OF NOVEMBER, 2006.

*s/Patrick Hendrickson*

Patrick Hendrickson
Attorney for Cadence Contract Services, LLC