IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | | |
|---|---|---|
| DIVERSIFIED MAINTENANCE, SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-706C |
| | ) | (Judge Lettow) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REMAND

The United States respectfully requests this Court, pursuant to 28 U.S.C. § 1491(a)(2), to remand this matter to the United States Small Business Administration ("SBA") or to the Department of the Army ("Army"), with instructions to forward the matter to the SBA, for the purpose of determining whether the apparent best value bidder, Cadence Contract Services, LLC ("Cadence"), is eligible for an award as a Historically Underutilized Business Zone ("HUBZone") Small Business Concern ("SBC"). In support of this motion, the United States relies upon plaintiff's complaint, the administrative record, and the following brief.

ARGUMENT

The Court should remand this matter directly to the SBA or to the Army, with instructions to forward the matter to the SBA, to determine Cadence's eligibility as a HUBZone SBC because the Court is unable to render judgment for either party without a SBA determination. See Mark Dunning Indus., Inc. v. United States, 58 Fed. Cl. 216 (2003), further proceedings, 60 Fed. Cl. 687 (2004) and 64 Fed. Cl. 374 (2005). The Court has "the power to remand appropriate matters to any administrative or executive body or official," including the

SBA, "with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2); Y.S.K. Const. Co., Inc. v. United States, 30 Fed. Cl. 449, 459 (1994). Diversified admits that "there are some obvious similarities between the fact situation in Mark Dunning Indus., Inc. and that of the instant case," but contends that because that case is "not identical" to this case the Court should not follow it. Plaintiff's Opposition To Defendant's Motion To Remand ("Pl. Opp.") 9. Precisely because the relevant facts of this case are on point with Mark Dunning Indus., Inc., the Court should afford the SBA, as the best interpreter of its own regulations, the opportunity to fully investigate Diversified's protest to Cadence's HUBZone status at the time of bid opening and contract award. See Mark Dunning Indus., Inc., 58 Fed. Cl. at 225.

Generally, when agency action is challenged, judicial review is limited to the existing administrative record. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985). However, in addressing judicial review of agency action under the arbitrary and capricious standard, the United States Supreme Court has instructed that:

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.

Florida Power & Light Co., 470 U.S. at 744; I.N.S. v. Orlando Ventura, 537 U.S. 12, 123 (2002). Diversified argues that Cadence is not a HUBZone small business because, according to Diversified, its principal office is located at "1204 W South Jordan PKWY #D South Jordan, Utah 84095," which is outside a HUBZone designated area. Compl. ¶ 4; AR 1115; Pl. Opp. 3.

The SBA website lists Cadence's principal office at 30139 State Route 3, Black River, NY and indicates it is HUBZone certified. AR 1125. SBA's HUBzone Program certification regulations define "principal office" as "the location where the greatest number of the concern's employees at any one location perform their work." 13 C.F.R. § 126.103. Because Diversified essentially contends that SBA has not considered all relevant factors in its certification of Cadence as an eligible HUBZone SBC remand is appropriate here. Furthermore, this Court simply cannot evaluate the challenged agency action on the basis of the record before it. Diversified has not pointed to any factors that would make this a "rare circumstance" in which remand is inappropriate. See Florida Power & Light, 470 U.S. at 743-44.

Remand is consistent with the standard for deciding a motion for judgment upon the administrative record pursuant to Rule 56.1, now Rule 52.1, of the Rules of the United States Court of Federal Claims ("RCFC") in bid protest cases. The Court of Appeals for the Federal Circuit, in Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005), held that courts must "distinguish . . . [a] judgment upon the administrative record from a summary judgment requiring the absence of a genuine issue of material fact." Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005). The Federal Circuit made it clear that the existence of a disputed factual issue, such as Cadence's HUBZone status, neither precludes the granting of a motion for judgment nor requires this Court to conduct a full evidentiary proceeding. Id. at 1356-57. Rather, such fact questions must be resolved by reference to the administrative record, "as if [this court] were conducting a trial on [that] record." Id. at 1357. "The approach carefully mapped by the Federal Circuit in Bannum makes particular sense given the deferential review conducted in . . . a bid protest case." NVT Technologies, Inc. v. United States, 2006 WL 2988164, *3 (Fed.

Cl.). Given the limited scope of review in cases such as this, the record should be properly supplemented by the SBA to facilitate an appropriate decision by the Court.

Certain deference must be accorded the unique expertise that the SBA unquestionably possesses in the area of HUBZone certification. See Stapp Towing, Inc. v. United States, 34 Fed. Cl. 300, 306 (1995) ("certain deference must be accorded the unique expertise that [the] SBA[ ] unquestionably possesses in the area of business responsibility determinations"). The Small Business Act provides that SBA shall establish procedures relating to any challenge to the eligibility of a HUBZone SBC to receive assistance under section 632(p)(5), including a challenge to the veracity of such certifications or information provided, and verification by the SBA of the accuracy of any certification made or information provided to the agency under section 632(p)(5). 15 U.S.C. § 657a(c)(1)(A) and (B). These procedures provide for "an investigation by SBA officials, which verifies the accuracy of any certification made or information provided as part of the HUBzone application process or in connection with a HUBZone contract." 13 C.F.R. § 126.401(a). Such investigations are conducted by SBA field staff or others designated by the Associate Administrator for the HUBZone Program. Id. SBA examiners may review any information related to the concern's eligibility requirements including, payroll records, state unemployment tax filings, job site locations, weekly hours for employees, tax bills, utility bills, postal records, maps showing office locations, employee percentage requirements, and the concern's "attempt to maintain," see § 13 C.F.R. 126.103, that percentage. 13 C.F.R. § 126.401(b); Mark Dunning Indus., Inc. v. United States, 64 Fed. Cl. 374, 375 (2005). Examiners may also conduct the review, or parts of the review, at one or all of the concern's offices. Id. Considering the extensive investigation required to make a

determination and SBA's expertise in this area, Diversified's assertion that the "court can do that just as well and just as expeditiously," is simply incorrect. The most expeditious resolution of this action warrants remand to the SBA. See 28 U.S.C. § 1491(b)(3) (the trial court must give "due regard" to "the need for expeditious resolution of the action.").

Diversified's argument that the Government's motion is deficient because the motion "should address the issue that SBA procedures . . . do not allow Diversified Maintenance Systems, Inc. ("DMS") to participate in . . . [the SBA] determination" is meritless. Pl. Opp. 1. Defendant's motion to remand included a detailed explanation of the SBA's HUBZone program. Defendant's Motion to Remand ("Def. Mot.") 6-9. Specifically, the motion included a discussion of the SBA's regulations outlining the procedures applicable to a HUBZone status protest with regard to Diversified's participation in the status determination. Def. Mot. 8-9; 13 C.F.R. § 126.800 et seq. The SBA regulations are clear that an interested party must submit a written protest to the contracting officer. 13 C.F.R. § 126.801. The contracting officer then must forward the protest to SBA. 13 C.F.R. § 126.801(e). The small business concern whose eligibility has been challenged has five days from notification to submit information in response to the protest. 13 C.F.R. § 126.803(a)(2). SBA will determine a timely filed protest within fifteen business days after receipt. 13 C.F.R. § 126.803(b). The protest determination is final unless overturned on appeal. 13 C.F.R. § 126.803(d). An appeal must be filed within five business days after receipt of the determination. 13 C.F.R. § 126.805(b).

Diversified's participation in the HUBZone status protest will consist of submitting its written protest, which includes the specific grounds for the protest, and its supporting documentation. In a letter, dated September 25, 2006, Diversified has already submitted a

written protest to the contracting officer along with supporting documentation. AR 1114 -1122. Therefore, Diversified technically began the SBA review when it submitted the protest to the contracting officer because, pursuant to 13 C.F.R. § 126.801(e), the contracting officer should have forwarded the protest to the SBA. Moreover, once a determination has been made by the SBA, Diversified has an opportunity to appeal. 13 C.F.R. § 126.803(a). SBA will re-examine a protest determination if there was clear and significant error in the process of the protest or if the agency failed to completely consider a significant fact contained within the information supplied by the protestor. 13 C.F.R. § 126.805(e)(1). Obviously, Diversified is not barred from participation in the SBA' determination; hence, there are no violations of Diversified's rights to participate in an agency proceeding implicated here.

Diversified's reliance upon Advanced Systems Technology, Inc. v. United States, 69 Fed. Cl. 474 (2006), to support its argument that "any proceedings that bars DMS from participation violates the Administrative [P]rocedure [A]ct, and therefore DMS's legal rights," Pl. Opp. 11, is misplaced because the facts are distinguishable. The issue in Advanced Sys. Tech. Inc., involved "the extent to which the Small Business Administration (SBA) must permit potential bidders to participate in its appeal proceedings challenging the small business code designation [also referred to as the North American Industry Classification System ("NAICS")] in a solicitation." Advanced Systems Technology, Inc. v. United States, 69 Fed. Cl. 474, 475 (2006). The Court found that plaintiff, Advanced Systems Technology, Inc. ("AST"), did not have an opportunity to participate in the appeal proceedings of a competing bidder due to lack of notice and, after AST later filed its own appeals of these size code determinations SBA's Office of Hearings and Appeals ("OHA") dismissed them, without considering AST's arguments, on the grounds that it

had already considered all potential NAICS codes for the solicitations. Id. The Court concluded that "OHA's *sua sponte* assessment of all potential applicable codes did not relieve it of its statutory obligation to permit an interested person to appear before it and present its view," and that OHA had not acted to preserve the participation opportunities of interested persons. Id. at 486. Furthermore, the Court concluded that the "mischief here occurred because the rules do not require that notice of an appeal be given to the class of persons permitted to intervene -- effectively eviscerating the right to intervene." Id. The rules required that the appeal be served on the contracting officer and SBA's Office of General Counsel, not AST. Id. Although the administrative scheme at issue in the case expressly permitted any entity in AST's position to file an appeal or intervene in an appeal, AST was not given notice. Therefore, given its lack of notice, AST was deprived of a right which the rules purported to confer. Id.

AST was denied an opportunity to present its position. However, that is not the case here. Diversified will be provided the opportunity to fully present its position to the SBA because it is initiating the entire process by submitting the protest. Diversified also has the right to appeal the SBA's determination. The process outlined in the SBA regulations for HUBZone status determinations do not prevent Diversified's participation in the process, but in fact, affords its participation. The notice problems in the Advanced Sys. Tech. Inc. case are not present here. SBA immediately will notify the contracting officer and the protestor of the date SBA receives the protest; SBA will notify the contracting officer, the protestor, and the protested concern of its determination; and SBA will provide a copy of the [appeal] decision to the contracting officer, the protestor, and the protested HUBZone SBC, consistent with law. 13 C.F.R. §§ 126.803(a)(1), 126.803 and 126.805(h).

In light of the above, the Government proposes that the Court remand the matter to the SBA for a period not to exceed 45 days, if the SBA decides to conduct an on-site program review, or 30 days, if the SBA conducts a record review, for the SBA to consider and to address all factual contentions raised by Diversified.

## CONCLUSION

For the reason set forth above, the Court should remand the matter to the SBA for a period not to exceed 45 days, if the SBA decides to conduct an on-site program review, or 30 days, if the SBA conducts a record review, for the SBA to consider and to address the allegations and factual contentions raised by Diversified.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

/s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 353-4175
fax: (202) 307-0972

November 8, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2006 a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REMAND" was filed electronically. I understand that the notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth Thomas